IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLORIA PARRELLA, | § | |
|    Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 3:21-cv-00102 |
| | § | |
| KROGER TEXAS L.P., | § | |
|    Defendant. | § | |

**DEFENDANT KROGER TEXAS L.P.'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to the terms and provisions of 28 U.S.C. §§ 1441 and 1446, Defendant Kroger Texas L.P. ("Defendant") in the cause styled "*Gloria Parrella v. Kroger Texas L.P.*," originally pending as Cause No. CC-20-04625-B in the County Court at Law No. 2, Dallas County, Texas, files this Notice of Removal of the cause to the United States District Court for the Northern District of Texas, Dallas Division.

**I.**
**BASIS FOR REMOVAL**

The basis of the removal of this action is diversity jurisdiction under 28 U.S.C. § 1332. In particular, diversity jurisdiction exists in this case because there is complete diversity of citizenship between the parties, Defendant is not a citizen of the State of Texas, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[1]

---

[1] *See* 28 U.S.C. § 1332 (2012).

## II.
## DIVERSITY JURISDICTION

Plaintiff, at the time of the initial filing of this action and at the current time of the removal of this action, was and is a citizen, resident, and domicile of the State of Texas.

Kroger Texas L.P., at the time of the initial filing of this action and at the time of the removal of this action, was and is a limited partnership formed under the laws of Ohio. The general partner of Kroger Texas L.P. is KRGP Inc., an Ohio corporation with its principal place of business in Ohio. The only limited partner is KRLP Inc., an Ohio corporation with its principal place of business in Ohio. Neither KRGP Inc. nor KRLP Inc., the only two partners of Kroger Texas L.P., has ever been a resident of, incorporated in, or had its principal place of business in the State of Texas.

## III.
## FACTUAL BACKGROUND

Plaintiff claims that, on or about January 13, 2019, she fell after slipping on some loose cards that were on the floor in Kroger's store. Plaintiff filed suit on October 21, 2020, in the County Court at Law No. 2, Dallas County, Texas, alleging general negligence and premises liability causes of action against Defendant.

## IV.
## THE AMOUNT IN CONTROVERSY

It was not clear from the face of Plaintiff's Original Petition that she was seeking in excess of $75,000.[2]  "If the amount in controversy is not apparent from the face of the petition, the court may rely on facts asserted in the removal notice or in an affidavit submitted by the

---

[2] *See* Plaintiff's Original Petition attached hereto as Exhibit 2, at p. 1 ¶ 1, wherein she specifically pleads that she is seeking "monetary relief aggregating more than $50,000."

removing defendant to support a finding of the requisite amount [and] may also apply common sense to conclude that the minimum jurisdictional amount is met."³

In an effort to clarify whether the amount of damages sought by Plaintiff in this lawsuit met the threshold for removal, Defendant filed a Special Exception with its Original Answer requesting that the Original Petition be amended so as to make the amount of damages sought clear.⁴ Upon receiving the Notice of Hearing on Defendant's Special Exception, Plaintiff's counsel provided clarification by email regarding the actual maximum amount of damages sought by Plaintiff, and for the first time, specifically stated that Plaintiff was seeking in excess of $1,000,000 in damages.⁵ As a result of Plaintiff's counsel's representations, Defendant cancelled the Special Exception hearing and later requested a formal stipulation as to damages, which Plaintiff's counsel agreed to.

## V.
## REMOVAL IS TIMELY

This removal is timely because it is filed "within thirty days after receipt, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained the case is one which is or has just become removable."⁶ Defendant first became aware this case was removable on or about December 16, 2020, when Plaintiff's counsel sent an email to Defendant's counsel, in response to Defendant's Special Exception, clarifying that Plaintiff seeks in excess of $1,000,000 in damages. Accordingly, this removal is timely because it is made within thirty days after the receipt by Defendant of the document

---

³ Id.
⁴ See Kroger Texas, L.P.'s Original Answer and Verified Denial, attached hereto as Exhibit 4.
⁵ Id.
⁶ 28 U.S.C. § 1446(b).

that first demonstrated the case was unequivocally removable. Moreover, more than one year has not passed since the commencement of the action in state court on October 21, 2020.[7]

## VI.
## VENUE

Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the county in which the removed action has been pending.

## VII.
## PROCEDURAL REQUIREMENTS

Defendant filed with the Clerk of the County Court at Law No. 2, Dallas County, Texas, a Notice of Filing Notice of Removal to Federal Court simultaneously with the filing of this Notice of Removal.

Pursuant to Local Rule 81.1, the following documents are attached hereto for the Court's reference:

(1) State court docket sheet (as of January 14, 2021);

(2) Plaintiff's Original Petition, Jury Demand, and First Set of Written Discovery (filed October 21, 2020) with Service of Citation;

(3) Return of Citation served on Defendant Kroger Texas, L.P. (October 30, 2020);

(4) Defendant Kroger Texas, L.P.'s Original Answer and Verified Denial (filed November 13, 2020);

(5) Notice of Hearing (February 3, 2021);

(6) Dismissal hearing (March 19, 2021); and

(7) Email from Plaintiff's Counsel, dated December 16, 2020.

---

[7] *See id.*

Also, in compliance with Local Rule 81.1, Defendant has filed the following documents with the Notice:

- Civil Cover Sheet;
- Supplemental Civil Cover Sheet; and
- Certificate of Interested Persons.

**WHEREFORE, PREMISES CONSIDERED,** Defendant respectfully prays that this case be removed to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

/s/ B. Kyle Briscoe

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Hope Zimlich Miranda**
State Bar No. 24084146
hmiranda@peavlerbriscoe.com
**Matthew P. Harper**
State Bar No. 24037777
mharper@peavlerbriscoe.com
PEAVLER I BRISCOE
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (Telephone)
(214) 999-0551 (Facsimile)

**ATTORNEYS FOR DEFENDANT**

- 6 -

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record, in accordance with and pursuant to the Federal Rules of Civil Procedure on January 15, 2021.

                                          /s/ B. Kyle Briscoe
                                          B. Kyle Briscoe