# EXHIBIT 1

**Exhibit 1**

## Case Information

CC-20-04625-B | GLORIA PARRELLA vs.KROGER TEXAS L.P.

| Case Number | Court | Judicial Officer |
|---|---|---|
| CC-20-04625-B | County Court at Law No. 2 | BELLAN, MELISSA |
| File Date | Case Type | Case Status |
| 10/21/2020 | DAMAGES (NON COLLISION) | OPEN |

## Party

PLAINTIFF
PARRELLA, GLORIA

Address
15455 DALLAS PARKWAY, SUITE 540
ADDISON TX 75001

Active Attorneys
Lead Attorney
GERLEMAN, GRANT
Retained

DEFENDANT
KROGER TEXAS L.P.

Address
SERVE REGISTERED AGENT CORPORATION SERVICES COMPANY
D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY
211 E. 7TH ST. SUITE 620
AUSTIN TX 78701

Active Attorneys
Lead Attorney
BRISCOE, B KYLE
Retained

## Events and Hearings

10/21/2020 NEW CASE FILED (OCA)

10/21/2020 ORIGINAL PETITION

PLAINTIFF S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

10/21/2020 ISSUE CITATION

CITATION 2012

Comment
ENV#47395760

10/21/2020 CITATION (SERVICE)

Served
10/26/2020

Anticipated Server
ATTORNEY

Anticipated Method

10/30/2020 RETURN OF SERVICE

RETURN OF SERVICE

11/13/2020 ORIGINAL ANSWER - GENERAL DENIAL

ORIGINAL ANSWER - GENERAL DENIAL

Comment
AND SPECIAL EXCEPTIONS

12/16/2020 NOTICE - HEARING

NOTICE - HEARING

02/03/2021 SPECIAL EXCEPTIONS

Judicial Officer
BELLAN, MELISSA

Hearing Time
10:00 AM

Cancel Reason
REQUESTED BY ATTORNEY/PRO SE

Comment
HOPE 214-999-0550 (COURT CALL CONFERENCING)

03/19/2021 DISMISSAL HEARING

1ccl#2 Y Letter

Judicial Officer
BELLAN, MELISSA

Hearing Time
9:00 AM

Cancel Reason
BY COURT ADMINISTRATOR

## Financial

PARRELLA, GLORIA

| | |
|---|---|
| Total Financial Assessment | $281.00 |
| Total Payments and Credits | $281.00 |

| | | | | |
|---|---|---|---|---|
| 10/21/2020 | Transaction Assessment | | | $281.00 |
| 10/21/2020 | CREDIT CARD - TEXFILE (CC) | Receipt # CV-2020-11493 | PARRELLA, GLORIA | ($281.00) |

## Documents

PLAINTIFF S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

CITATION 2012

1ccl#2 Y Letter

RETURN OF SERVICE

ORIGINAL ANSWER - GENERAL DENIAL

NOTICE - HEARING

# EXHIBIT 2

**Exhibit 2**



KSB / ALL
**Transmittal Number: 22216155**
**Date Processed: 10/27/2020**

# Notice of Service of Process

**Primary Contact:** Venessa C. Wickline Gribble
The Kroger Co.
1014 Vine Street
Cincinnati, OH 45202-1100

| | |
|---|---|
| **Entity:** | Kroger Texas L.P.<br>Entity ID Number 2172000 |
| **Entity Served:** | Kroger Texas L.P. |
| **Title of Action:** | Gloria Parrella vs. Kroger Texas L.P. |
| **Matter Name/ID:** | Gloria Parrella vs. Kroger Texas L.P. (10613170) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Dallas County Court at Law, TX |
| **Case/Reference No:** | CC-20-04625-B |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 10/26/2020 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Grant K. Gerleman<br>214-987-4100 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com

Electronically Served
10/21/2020 2:36 PM

CT 10/22/2020 2:26pm

# THE STATE OF TEXAS
# CITATION

CAUSE NO. CC-20-04625-B
COUNTY COURT AT LAW NO. 2
Dallas County, Texas

**TO:**

**KROGER TEXAS L.P.**
**SERVE ITS REGISTERED AGENT CORPORATION SERVICES COMPANY D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY**
**211 E 7TH ST SUITE 620**
**AUSTIN TX 78701**

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE ATTACHED, a default judgment may be taken against you." Your answer should be addressed to the clerk of County Court at Law No. 2 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**GLORIA PARRELLA**
***Plaintiff(s)***

**VS.**

**KROGER TEXAS L.P.**
***Defendant(s)***

filed in said Court on the 21st day of October, 2020a copy of which accompanies this citation.

**WITNESS: JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 21st day of October, 2020 A.D.

JOHN F. WARREN, Dallas County Clerk

By Sonya Harris, Deputy
Sonya Harris

**ATTORNEY**

**CITATION**
**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE ATTACHED**

**CC-20-04625-B**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 2
Dallas County, Texas

GLORIA PARRELLA, ***Plaintiff(s)***

**VS.**

KROGER TEXAS L.P., ***Defendant(s)***

**SERVE:**
**KROGER TEXAS L.P.**
**SERVE ITS REGISTERED AGENT CORPORATION SERVICES COMPANY D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY**
**211 E 7TH ST SUITE 620**
**AUSTIN TX 78701**

**ISSUED THIS**
**21ST DAY OF OCTOBER, 2020**

JOHN F. WARREN, COUNTY CLERK
BY: SONYA HARRIS, DEPUTY

Attorney for Plaintiff
GRANT GERLEMAN
ATTN SCOTT H PALMER PC
15455 DALLAS PKWY STE 540
ADDISON TX 75001
214-987-4100

NO OFFICER'S FEES HAVE BEEN COLLECTED BY DALLAS COUNTY CLERK

10/24/2020
[signature] PSC

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 47395760
Status as of 10/21/2020 2:37 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| SHELLY MCCART | | shelly@scottpalmerlaw.com | 10/21/2020 2:36:09 PM | SENT |

FILED
10/21/2020 11:32 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CC-20-04625-B
**CAUSE NO. ______________**

| | | |
|---|---|---|
| **GLORIA PARRELLA,** | § | **IN THE COUNTY COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **AT LAW NO. ______** |
| | § | |
| **KROGER TEXAS L.P.,** | § | |
| | § | |
| **Defendant.** | § | **DALLAS COUNTY, TEXAS** |

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff Gloria Parrella files her Original Petition and Request for Disclosure complaining of Defendant Kroger Texas L.P. and will show as follows:

## I.
## DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level III of Texas Rules of Civil Procedure 190.4 because she seeks monetary relief aggregating more than $50,000 and requests the Court enter a Discovery Control Plan to place this case under Level III.

## II.
## JURISDICTION AND VENUE

2. Venue is proper in Dallas County under §15.002 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, because the events forming the basis of this lawsuit occurred in Dallas County and because Defendant resided in Dallas County, Texas at the time the events forming this cause of action occurred.

3. Jurisdiction is proper because the amount in controversy exceeds the minimum jurisdictional limits of this Court.

4. Plaintiff seeks relief in accordance with TEX. R. CIV. P. 47(c)(5).

## III.
## PARTIES AND SERVICE

5. Plaintiff Gloria Parrella is an individual residing in Dallas County, Texas. The last three digits of her Texas Driver's license are 348 and the last 3 digits of her social security number are 698.

6. Defendant Kroger Texas L.P. is a foreign limited partnership doing business in the State of Texas. Service may be had upon Defendant by serving its registered agent, Corporation Services Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th St. Suite 620, Austin, Texas 78701.

## IV.
## FACTS

7. Plaintiff Gloria Parrella is an 89-year-old retiree.

8. In the afternoon of January 13, 2019 Ms. Parrella went grocery shopping at the Kroger store located at 17194 Preston Road in Dallas, Texas. She used a grocery cart to shop and finished selecting her groceries to purchase before heading to the check-out lanes to purchase her items.

9. After Ms. Parella entered one of the check-out lanes she was greeted by the employee operating the checkout counter and began removing the items from her cart and placing them on the counter. During this process Ms. Parrella's foot made contact with some loose cards that were on the floor of the checkout counter. This caused the cards and her foot to slide out from underneath her due to the lack of friction on the flooring which caused Ms. Parrella to fall on her right side and sustain severe injuries.

10. After the fall, the Kroger employees who witnessed the injury went to Ms. Parrella's assistance and called an ambulance for her. After she was taken to the hospital it was discovered that she had sustained a traumatic subarachnoid hemorrhage and a right shoulder injury which was later discovered to be a full thickness tear of her supraspinatus tendon. Ms. Parrella was subsequently hospitalized for monitoring of the hemorrhage until it was safe to release her.

11.     Ms. Parrella continued to follow-up with medical providers following her hospitalization, but her options have been limited due to her advanced age. She will likely continue to suffer from symptoms in her right shoulder and from the head injury for the remainder of her life.

12.     Ms. Parrella attempted to resolve her claims with Kroger prior to filing a lawsuit, but Sedgewick, Kroger's third-party claims administrator, thoughtlessly denied her claim.

## V.
## CAUSES OF ACTION AGAINST DEFENDANT

### NEGLIGENCE

13.     Defendant owed duties to make its premises safe for its business invitees, to not create unreasonably dangerous conditions, and to warn invitees of any unreasonably dangerous conditions existing upon its property.

14.     Gloria Parrella was an invitee at the time of the incident.

15.     Defendant breached its duties by installing and polishing low-friction flooring within its store. In doing so it placed convenience and efficiency of cleaning over the safety of its customers. Kroger is aware of many incidents in which customers have slipped, fallen, and have been injured on the flooring within its stores, particularly when other loose materials or liquids are present upon the floor

which is a foreseeable and common occurrence within the course of ordinary business. In installing and polishing these floors, Defendant created an unreasonably dangerous condition.

16.     Additionally, or in the alternative, Defendant knew or should have known about an unreasonably dangerous condition existing upon its premises in the form of the card on the floor that Ms. Parrella slipped upon. These cards were within a checkout stand where an employee was present and working. Defendant breached its duties by failing to remove the cards from the floor and by failing to warn Ms. Parrella of the cards prior to her injury.

17.     Each of these acts or omissions, singularly or in any combination with others, constituted negligence which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

## VI.
## DAMAGES

18.     As a result of the incident described herein, Plaintiff has sustained physical impairment in the past and in reasonable probability such physical impairment will continue in the future.

19.     Plaintiff has experienced mental anguish and emotional distress in the past and in reasonable probability such mental anguish and emotional distress will continue in the future.

20.     Plaintiff has experienced physical pain and suffering in the past and in reasonable probability such physical pain and suffering will continue in the future.

## VII.
## CLAIM FOR PREJUDGMENT AND POST-JUDGMENT INTEREST

21.     Plaintiff claims interest in accordance with TEXAS FINANCE CODE §304.001 *et seq.* and any other applicable law.

## VIII.
## REQUEST FOR DISCLOSURE AND PRESERVATION

22.     Under TEXAS RULES OF CIVIL PROCEDURE 194, Plaintiff requests that Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

23.     Defendant is hereby given notice that any document or other material, including electronically stored information, that may be evidence or relevant to any issue in this case is to be preserved in its present form until this litigation is concluded. This specifically includes, but is not limited to, any witness statements, incident reports, and video footage of the occurrence in question.

**IX.**
**NOTICE PURSUANT TO TEX. R. CIV. P. 193.7**

24. Plaintiff provides notice to Defendant pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE that Plaintiff may utilize as evidence during the trial of this lawsuit, all documents exchanged by the parties in written discovery in this case.

**X.**
**PRAYER**

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein and upon final hearing of this cause, Plaintiff has judgment against Defendant for damages described herein, for costs of suit, pre-judgment and post judgment interest permitted by law, and for such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**SCOTT H. PALMER, P.C.**

GRANT K. GERLEMAN
State Bar No. 24083065
SCOTT H. PALMER
State Bar No. 00797196

15455 Dallas Parkway, Suite 540
Addison, Texas 75001

Telephone: 214.987.4100
Facsimile: 214.922.9900
scott@scottpalmerlaw.com
grant@scottpalmerlaw.com
e-service: shelly@scottpalmerlaw.com

ATTORNEYS FOR PLAINTIFF

# EXHIBIT 3

**Exhibit 3**

FILED
10/30/2020 3:46 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

No. CC-20-04625-B

| | | |
|---|---|---|
| **GLORIA PARRELLA** | § | **IN THE COUNTY COURT** |
| | § | |
| **V.** | § | **AT LAW NO. 2** |
| | § | |
| **KROGER TEXAS L.P.** | § | **DALLAS COUNTY, TEXAS** |

**RETURN OF SERVICE**

Received by FIS: October 21, 2020 at 3:00 o'clock P.M.

☒ Citation, Plaintiff's Original Petition and Request for Disclosure

Executed on: October 26, 2020 at 10:10 o'clock A.M.

Executed at: 211 E. 7th St., Suite 620, Austin, TX 78701 within the county of Travis by delivering to KROGER TEXAS L.P. BY DELIVERING TO ITS REGISTERED AGENT CORPORATION SERVICE COMPANY D/B/A CSC LAWYERS INCORPORATING SERVICE COMPANY BY DELIVERING TO SAMANTHA GUERRA, DESIGNATED AGENT, in person, a true copy of the above specified civil process having first endorsed on such copy the date of delivery.

I am over the age of (18) eighteen years, not a party to this case, nor am I related to, employed by, or otherwise connected to any party or any party's attorney in this case; and I have no interest in the outcome of the above numbered suit. I attest the foregoing instrument has been executed by me in this case pursuant to the Texas Rules of Civil Procedure and that I am of sound mind and have never been convicted of a felony or misdemeanor involving moral turpitude.

Sworn to this 26th day of October 2020.

[signature]
Barbara C. Stinnett, PSC1181, Exp. 7/31/22
ctroutz@fisinc.us

VERIFICATION

THE STATE OF TEXAS
COUNTY OF TRAVIS

Before me, a notary public, on this day personally appeared the above-named authorized person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are true and correct. Given under my hand and seal on this the 26 day of October 2020.

[signature]
Notary Public

MICHAEL R STINNETT
Notary ID #126498663
My Commission Expires
December 3, 2022

Electronically Served
10/21/2020 2:36 PM

# THE STATE OF TEXAS
# CITATION

CAUSE NO. **CC-20-04625-B**
COUNTY COURT AT LAW NO. 2
Dallas County, Texas

**TO:**

**KROGER TEXAS L.P.**
**SERVE ITS REGISTERED AGENT CORPORATION SERVICES COMPANY D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY**
**211 E 7TH ST SUITE 620**
**AUSTIN TX 78701**

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE ATTACHED, a default judgment may be taken against you." Your answer should be addressed to the clerk of County Court at Law No. 2 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**GLORIA PARRELLA**
***Plaintiff(s)***

**VS.**

**KROGER TEXAS L.P.**
***Defendant(s)***

filed in said Court on the 21st day of October, 2020a copy of which accompanies this citation.

**WITNESS: JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 21st day of October, 2020 A.D.

JOHN F. WARREN, Dallas County Clerk

By Sonya Harris, Deputy
Sonya Harris

**ATTORNEY**

**CITATION**
**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE ATTACHED**

**CC-20-04625-B**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 2
Dallas County, Texas

GLORIA PARRELLA, ***Plaintiff(s)***

**VS.**

KROGER TEXAS L.P., ***Defendant(s)***

**SERVE:**
**KROGER TEXAS L.P.**
**SERVE ITS REGISTERED AGENT CORPORATION SERVICES COMPANY D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY**
**211 E 7TH ST SUITE 620**
**AUSTIN TX 78701**

**ISSUED THIS**
**21ST DAY OF OCTOBER, 2020**

JOHN F. WARREN, COUNTY CLERK
BY: SONYA HARRIS, DEPUTY

Attorney for Plaintiff

GRANT GERLEMAN
ATTN SCOTT H PALMER PC
15455 DALLAS PKWY STE 540
ADDISON TX 75001
214-987-4100

NO OFFICER'S FEES HAVE BEEN COLLECTED BY DALLAS COUNTY CLERK

# EXHIBIT 4

**Exhibit 4**

FILED
11/13/2020 12:03 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. CC-20-04625-B

| | | |
|---|---|---|
| GLORIA PARRELLA,<br>Plaintiff, | §<br>§<br>§ | IN THE COUNTY COURT |
| vs. | §<br>§ | AT LAW NO. 2 |
| KROGER TEXAS L.P.,<br>Defendant. | §<br>§ | DALLAS COUNTY, TEXAS |

**DEFENDANT'S ORIGINAL ANSWER AND SPECIAL EXCEPTIONS**

COMES NOW Defendant Kroger Texas L.P. (hereafter "Defendant"), files its Original Answer and Special Exceptions, and, in support thereof, would respectfully show the Court as follows:

**I.**
**GENERAL DENIAL**

1. Defendant denies each and every material allegation contained in Plaintiff's Original Petition, demands strict proof thereof, and to the extent that such matters are questions of fact, says Plaintiff should prove such facts by a preponderance of the evidence to a jury if he can so do.

**II.**
**DEFENSES**

2. Defendant specifically denies Plaintiff's allegations that it was negligent in any respect, and Defendant denies that its alleged acts or omissions proximately caused Plaintiff's alleged damages.

3. Defendant claims that Plaintiff failed to use that degree of care and caution as would have been used by a reasonable person under the same or similar circumstances, thereby producing or proximately causing Plaintiff's alleged damages, if any. Such acts or omissions of

Plaintiff were the sole proximate cause of Plaintiff's alleged damages, if any, as Plaintiff should have kept a proper lookout for her own safety and avoided the alleged unreasonably dangerous condition.

4.      To the extent applicable, Defendant may show that the acts or omissions of third persons not under the control of Defendant were the sole, producing, or proximate cause of Plaintiff's damages or injuries, if any.

5.      Defendant asserts that it had neither actual nor constructive knowledge of the condition about which Plaintiff complains and that, in any event, the alleged hazard was not "unreasonably dangerous."

6.      Defendant may alternatively show that it adequately warned Plaintiff of the condition, or that the condition was open and obvious, relieving Defendant of any duty to warn of the condition or make it safe.

7.      Defendant may further show that the damages of which Plaintiff complains, if any, were the result of prior, pre-existing, or subsequent injuries, accidents or conditions, and said prior, pre-existing, or subsequent injuries, accidents, or conditions were the sole or a contributing cause of Plaintiff's damages, if any.

8.      Defendant may further show that Plaintiff breached her duty to mitigate damages by failing to exercise reasonable care and diligence to avoid loss and minimize the consequences of damages.

9.      Defendant may further show that the accident complained of was an unavoidable accident as that term is known in law.

10. Defendant respectfully requests that the factfinder allocate responsibility, if any, among all parties, settling parties, and responsible third parties, in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code.

11. Defendant further asserts that any claims for medical or health care expenses incurred are limited to the amount actually paid or incurred by or on behalf of Plaintiff pursuant to Texas Civil Practice and Remedies Code § 41.0105.

12. Defendant asserts that it is entitled to contribution, indemnity, and all available credits as provided for in the Texas Civil Practice and Remedies Code and under Texas law, in the unlikely event that an adverse judgment is rendered against it in this matter.

13. Defendant contends that, pursuant to § 18.091 of the Texas Civil Practice & Remedies Code, to the extent Plaintiff is seeking a recovery for loss of earnings, lost wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of this alleged loss must be presented by Plaintiff in the form of a net loss after reduction for income tax payments, or unpaid tax liability to any federal income tax law.

## III.
## SPECIAL EXCEPTIONS

Further answering herein, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Defendant objects and specially excepts to Section I of Plaintiff's Original Petition, titled "Discovery Control Plan," to the extent that it fails to adequately set forth Plaintiff's alleged damages. Specifically, Rule 47 of the Texas Rules of Civil Procedure states that a party, in its original pleading, must include a statement that the party seeks (1) only monetary relief of $100,000 or less; (2) monetary relief of $100,000 or less and non-monetary relief; (3) monetary relief over $100,000 but not more than $200,000; (4) monetary relief over $200,000 but not more

than $1,000,000; or (5) monetary relief over $1,000,000.[1] Rather than complying with this requirement, Plaintiff merely states that she is seeking damages "aggregating more than $50,000." Defendant requests that the Court require Plaintiff to replead in order to comply with Rule 47 of the Texas Rules of Civil Procedure.

Further answering herein, pursuant to Rule 91 of the Texas Rules of Civil Procedure, Defendant objects and specially excepts to Section XII of Plaintiff's Original Petition, titled "Use of Documents and Tangible Things," which improperly attempts to invoke Rule 193.7 of the Texas Rules of Civil Procedure. Specifically, such paragraph states that "Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiff intends to offer into evidence all documents and tangible things produced by Defendant at trial or any pretrial proceeding in the above matter." However, Rule 193.7 requires that the party invoking Rule 193.7 provide "actual notice that ***the document will*** be used" to the producing party.[2] Furthermore, "the ten-day period allowed for objection to authenticity . . . does not run from the production of the material or information but from the party's ***actual awareness that the document will be used***."[3] Accordingly, it is clear that Rule 193.7 requires more than a mere blanket statement that all documents produced in discovery will be authenticated against the producing party. Such a blanket statement not only fails to satisfy the requirements of Rule 193.7, but it also places an unreasonable burden upon Defendant to review all documents it produces and prophylactically render objections regarding the authenticity of said documents. Therefore, Defendant requests that the Court strike section X of Plaintiff's

---

1 TEX. R. CIV. P. 47 (2017).

2 TEX. R. CIV. P. 193.7 (2017) (emphasis added).

3 *Id*., cmt. 7 (emphasis added).

Original Petition.

**IV.**
**PRAYER**

Defendant respectfully prays that Plaintiff take nothing by this cause of action, that Defendant be permitted to recover the costs expended on its behalf, and for such other and further relief to which Defendant may show itself justly entitled, in law or in equity.

Respectfully submitted,

/s/ B. Kyle Briscoe

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Hope Zimlich Miranda**
State Bar No. 24084146
hmiranda@peavlerbriscoe.com
**Matthew P. Harper**
State Bar No. 24037777
mharper@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record pursuant to and in accordance with the Texas Rules of Civil Procedure on November 13, 2020.

/s/ B. Kyle Briscoe
B. Kyle Briscoe

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Donna Peavler on behalf of Bryan Briscoe
Bar No. 24069421
dpeavler@peavlerbriscoe.com
Envelope ID: 48077132
Status as of 11/13/2020 1:12 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| SHELLY MCCART | | shelly@scottpalmerlaw.com | 11/13/2020 12:03:36 PM | SENT |
| Bryan KyleBriscoe | | kbriscoe@peavlerbriscoe.com | 11/13/2020 12:03:36 PM | SENT |
| Sandy Dixon | | sdixon@peavlerbriscoe.com | 11/13/2020 12:03:36 PM | SENT |
| Hope Miranda | | hmiranda@peavlerbriscoe.com | 11/13/2020 12:03:36 PM | SENT |
| Joy Rose | | JRose@PeavlerBriscoe.com | 11/13/2020 12:03:36 PM | SENT |
| Matthew PaulHarper | | mharper@peavlerbriscoe.com | 11/13/2020 12:03:36 PM | SENT |

Associated Case Party: GLORIA PARRELLA

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Grant K.Gerleman | | grant@scottpalmerlaw.com | 11/13/2020 12:03:36 PM | SENT |

# EXHIBIT 5

**Exhibit 5**

FILED
12/16/2020 4:34 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO. CC-20-04625-B

| | | |
|---|---|---|
| GLORIA PARRELLA,<br>Plaintiff, | §<br>§<br>§ | IN THE COUNTY COURT |
| vs. | §<br>§ | AT LAW NO. 2 |
| KROGER TEXAS L.P.,<br>Defendant. | §<br>§ | DALLAS COUNTY, TEXAS |

**NOTICE OF HEARING ON DEFENDANT KROGER TEXAS L.P.'S SPECIAL EXCEPTIONS**

Please take notice that Defendant Kroger Texas L.P.'s Special Exceptions are set for hearing on **Wednesday, February 3, 2021 at 10:00 a.m.** before the Honorable Melissa Bellan, Judge of the County Court at Law Number 2, Dallas County, Texas. The Court advised that the hearing would take place via Court Call and the Court Coordinator will notify the parties a week prior to the hearing with the phone dial-in information.

Respectfully submitted,

/s/ Hope Zimlich Miranda

**B. Kyle Briscoe**
State Bar No. 24069421
kbriscoe@peavlerbriscoe.com
**Hope Zimlich Miranda**
State Bar No. 24084146
hmiranda@peavlerbriscoe.com
**Matthew P. Harper**
State Bar No. 24037777
mharper@peavlerbriscoe.com
**PEAVLER|BRISCOE**
2215 Westgate Plaza
Grapevine, Texas 76051
(214) 999-0550 (telephone)
(214) 999-0551 (facsimile)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I certify that this document was served on counsel of record in accordance with the Texas Rules of Civil Procedure on December 16, 2020.

*/s/* Hope Zimlich Miranda
Hope Zimlich Miranda

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Hope Miranda on behalf of Hope Miranda
Bar No. 24084146
hmiranda@peavlerbriscoe.com
Envelope ID: 49023661
Status as of 12/17/2020 8:04 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Bryan KyleBriscoe | | kbriscoe@peavlerbriscoe.com | 12/16/2020 4:34:30 PM | SENT |
| Joy Rose | | JRose@PeavlerBriscoe.com | 12/16/2020 4:34:30 PM | SENT |
| Sandy Dixon | | sdixon@peavlerbriscoe.com | 12/16/2020 4:34:30 PM | SENT |
| Hope Miranda | | hmiranda@peavlerbriscoe.com | 12/16/2020 4:34:30 PM | SENT |
| SHELLY MCCART | | shelly@scottpalmerlaw.com | 12/16/2020 4:34:30 PM | SENT |
| Matthew PaulHarper | | mharper@peavlerbriscoe.com | 12/16/2020 4:34:30 PM | SENT |

Associated Case Party: GLORIA PARRELLA

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Grant K.Gerleman | | grant@scottpalmerlaw.com | 12/16/2020 4:34:30 PM | SENT |

# EXHIBIT 6

**Exhibit 6**



**JUDGE MELISSA J. BELLAN**
COUNTY COURT AT LAW NO. 2
GEORGE L. ALLEN SR. COURTS BUILDING
600 COMMERCE STREET, SUITE 555
DALLAS, TEXAS 75202
214-653-7365

October 29, 2020

GRANT GERLEMAN
Attn SCOTT H PALMER PC
15455 DALLAS PKWY STE 540
ADDISON TX 75001

Re: Cause No. CC-20-04625-B

GLORIA PARRELLA vs.KROGER TEXAS L.P.

**NOTICE PURSUANT TO TRCP 165a**

Pursuant to Rule 165a of the Texas Rules of Civil Procedure, the above case is set for dismissal on **03/19/2021 at 9:00 a.m.**

**If an answer has not been filed by the requisite appearance date, it will be expected that you will have moved for a default judgment seven (7) days before the above-referenced dismissal date**. Your failure to do so may result in dismissal of the case.

If you are unable to obtain service of process by the above-referenced dismissal date, you must notify the court and request an extension.

If an answer has been filed, a trial date will be set and you will be notified of same.

If you have any questions regarding this notice, contact the court coordinator at the number listed above.

Sincerely,

Judge Presiding

# EXHIBIT 7

**Exhibit 7**

**Hope Miranda**

**From:** Grant Gerleman <grant@scottpalmerlaw.com>
**Sent:** Wednesday, December 16, 2020 4:59 PM
**To:** Hope Miranda
**Subject:** Parella v. Kroger

**Follow Up Flag:** Follow up
**Flag Status:** Flagged

Hope,

I received the notice of hearing on the special exceptions. The Rule 47 statement is contained within paragraph 4 of our petition. In med mal cases we are not allowed to state the actual dollar figure under CPRC 74.053 so I tend to plead Plaintiff cases that way across the board. TRCP 47(c)(5) corresponds to relief over 1 million under the Rule. Scott reached out to Donna to see if we could settle for much less than that however.

Let me know if that explanation will suffice and if the hearing is needed.

Best Regards,

Grant K. Gerleman
Trial Attorney

Scott H. Palmer, P.C.
15455 N. Dallas Parkway, Ste. 540
Addison, Texas 75001
214-987-4100
214-922-9900 Fax
grant@scottpalmerlaw.com

Board Certified - Personal Injury Trial Law
Texas Board of Legal Specialization
Board Certified - Civil Trial Law
National Board of Trial Advocacy